**Larry PARKER, Plaintiff–Appellant,**

v.

**Joel MACK and S.A.G.E., Defendants– Appellees.**

**No. 10–3597–cv.**

United States Court of Appeals, Second Circuit.

Feb. 28, 2012.

Larry Parker, pro se, Buffalo, NY, for Appellant.

No appearance for Appellees.

PRESENT: RALPH K. WINTER, REENA RAGGI, and DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Plaintiff Larry Parker, proceeding *pro se,* appeals the *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of his third amended complaint, alleging various forms of discrimination. We review the challenged dismissal *de novo, see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004), mindful that even a *pro se* complaint, when liberally construed, must satisfy the pleading standards set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). *See Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009). In applying that standard here, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, referencing them only as necessary to explain our decision to affirm.

We affirm the dismissal of Parker's complaint for substantially the reasons stated by the district court in its thorough and well-reasoned August 31, 2010 decision and order. The bare allegation that Parker was subjected to "inappropriate touching by [his] supervisor," Third. Am. Compl. at 5, is insufficient to nudge his discrimination claim from one that is "merely consistent" with defendants' liability to one that is "plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. at 1950. Further, the district court properly concluded that Parker failed timely to commence his action within

ninety days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission as required by 42 U.S.C. §§ 2000e–5(f)(1) (Title VII of the Civil Rights Act claims), 12117(a) (Americans with Disabilities Act claims), and 29 U.S.C. § 626(e)(1) (Age Discrimination in Employment Act claims), where he alleged that he received his right-to-sue letter more than ninety days before filing his original complaint.

We have considered Parker's arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.